915 F.2d 1574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Myers R. KURTZ, Director Ohio Department of Mental Health,
John F. Heisler, Chief, Office of Human Resources
Ohio Department of Mental Health,
Defendants-Appellees.
 No. 88-3272.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Curtis L. Wrenn, a pro se plaintiff, appeals the district court's summary judgment for the defendants in his action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief, Wrenn, a black man, sued the Ohio Department of Mental Health (ODMH) and its director under 42 U.S.C. Sec. 1981 for violating his civil rights through their failure to hire Wrenn for any of four advertised positions for which he had applied. One of the positions was superintendent of the Toledo Mental Health Center (TMHC), the position from which Wrenn had been involuntarily dismissed several months earlier. Wrenn amended his complaint, adding allegations under 42 U.S.C. Secs. 1983 and 1985(3) and Titles VI and VII of the Civil Rights Act of 1964. Four additional ODMH employees were also named as defendants. The district court dismissed several defendants and all claims except the Title VII claim and consolidated this action with a second case brought by Wrenn under Title VII involving the identical circumstances. In an opinion and order entered on February 29, 1984, the district court granted the defendants' motion for summary judgment.
 
 
 4
 Wrenn appealed, and a panel of this court vacated the district court's judgment as improvident on the state of the record at that time, since the non-discriminatory reason accepted by the district court for Wrenn's non-hire was his prior dismissal as superintendent of TMHC, which was itself the subject of other pending litigation. Wrenn v. Kurtz, No. 84-3228 (6th Cir. March 11, 1985) (per curiam).
 
 
 5
 The other litigation referred to has now been decided by the district court in the defendants' favor; and this court has affirmed that decision on appeal. Wrenn v. Benson, No. C81-571 (N.D.Ohio Feb. 5, 1987), aff'd, 838 F.2d 472 (6th Cir.1988), cert. denied, 109 S.Ct. 2073 (1989). Subsequently, the district court reconsidered the motions for summary judgment in this case and again granted the defendants' motion, relying on the doctrine of collateral estoppel and on the Wrenn v. Benson court's finding that Wrenn's dismissal from TMHC was based on legitimate, non-discriminatory reasons.
 
 
 6
 On appeal, Wrenn argues that: (1) the district court erred in using Wrenn v. Benson as a basis for summary judgment because that case was primarily concerned with racial discrimination under Title VII, while the present case also involves conspiracy, racial discrimination, age discrimination, and retaliation under 42 U.S.C. Secs. 1981, 1983 and 1985(3), the Age Discrimination in Employment Act, and Title VI; (2) the district court did not consider whether present and former employees of the state of Ohio have conspired to stigmatize Wrenn; and (3) the defendants failed to articulate a legitimate, non-discriminatory reason for the differential treatment accorded to Wrenn.
 
 
 7
 We shall affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Initially, since Wrenn did not raise the dismissal of his claims other than under Title VII in his direct appeal of the district court's judgment, non-Title VII issues may not be raised in this subsequent appeal following remand. See Northwestern Indiana Telephone Co. v. FCC, 872 F.2d 465, 470 (D.C.Cir.1989), cert. denied, 110 S.Ct. 757 (1990); Walnut Properties v. City of Whittier, 861 F.2d 1102, 1106 (9th Cir.1988), cert. denied, 109 S.Ct. 1641 (1989).
 
 
 9
 The district court correctly applied the doctrine of collateral estoppel because the criteria that must be satisfied before that doctrine may be applied to bar further litigation on a particular factual issue are satisfied in the present appeal. See Detroit Police Officers Ass'n v. Young, 824 F.2d 512, 515 (6th Cir.1987). Because a legitimate non-discriminatory reason has been conclusively established for Wrenn's discharge from TMHC and because that discharge and the legitimate reason behind it were relied on by the defendants in refusing to rehire Wrenn, Wrenn has failed to meet his burden of establishing intentional discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 10
 Accordingly, the judgment is affirmed for the reasons stated by the district court in its opinions filed February 28, 1984 and February 29, 1988. Rule 9(b)(5), Rules of the Sixth Circuit.